

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

No. 08-26-00143-CR

Curtis Lee Meeks, Jr., Appellant

v.

The State of Texas, Appellee

On Appeal from the 26th District Court
Williamson County, Texas
Trial Court No. 20-1902-K26

## MEMORANDUM OPINION[1]

Before the Court is Appellant Curtis Lee Meeks, Jr.'s motion to voluntarily dismiss this appeal. On February 24, 2026, Meeks filed a notice of appeal attempting to appeal, for the second time, his judgment of conviction for forgery of a financial instrument, dated October 28, 2024.[2] For lack of jurisdiction, we dismissed Meeks's earlier, timely appeal because he advanced no issues

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex Gov't Code § 73.001. We follow the precedent of the Third Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

[2] The trial court signed an order denying Meeks's motion for new trial on December 4, 2024.

that fell within the limited right of appeal certified by the trial court. *Meeks v. State*, No. 08-25-00026-CR, 2026 WL 60730, at *1 (Tex. App.—El Paso Jan. 7, 2026, no pet.) (mem. op.) (*Meeks I*). Docketed in this proceeding, Meeks contends in his latest notice of appeal that, once this Court's mandate returned to the trial court, he could thereafter "seek[] to appeal issues pertaining to sentencing."

Because this attempted appeal arose from the October 2024 judgment of conviction, as in *Meeks I*, it appeared to the Court that our jurisdiction was not timely and properly invoked. We ordered Meeks to show cause as to why the appeal should not be dismissed for want of jurisdiction. *See* Tex. R. App. P. 26.2(a)(2) ("[N]otice of appeal must be filed within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial."); *Williams v. State*, 2025 WL 1738314, at *1 (Tex. App.—Houston [14th Dist.] June 24, 2025, no pet.) (mem. op.) (providing that an attempted, second appeal was untimely, and dismissing the appeal for want of jurisdiction).

In the interim, Meeks filed a motion to dismiss this appeal signed by both him and his attorney. *See* Tex. R. App. P. 42.2(a) (allowing an appellate court to dismiss an appeal upon the appellant's motion if it is signed by both the appellant and his or her attorney). We grant the motion and dismiss the appeal.

GINA M. PALAFOX, Justice

May 19, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)

2